PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __TYSON__          __MORGAN__          __A.__
       (Last)              (First)           (Initial)

Prisoner Number __C-81713__

Institutional Address __CSP, SAN QUENTIN, SAN QUENTIN CA. 94964__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__MORGAN A. TYSON__           CV 07   5784
Full Name of Petitioner                 Case No. (To be provided by the
                                        clerk of court)

                                                JF (PR)
vs.
__ROBERT L. AYERS WARDEN__
__BOARD OF PAROLE HEARINGS__   PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

**PETITIONER IS INCARCERATED AT SAN QUENTIN STATE PRISON AND THEREFORE IS PROPERLY BEFORE THIS COURT.**

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   **ALAMEDA COUNTY SUPERIOR COURT**          **OAKLAND, CA**
   Court                                       Location

   (b) Case number, if known **75513**
   (c) Date and terms of sentence **2-17-1984  15 years to Life + 5 years**
   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) (Yes)  No

Where? **SAN QUENTIN STATE PRISON, SAN QUENTIN, CA 94974**
       (Name of Institution)              (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

   **SECOND  DEGREE MURDER ( California Penal Code  Sec. 187**

3. Did you have any of the following?

Arraignment: Yes **x**  No ___   Preliminary Hearing: Yes **x** No ___  Motion to Suppress: Yes **x** No ___

3

4. How did you plead?

Guilty _____   Not Guilty __x__   Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury __x__   Judge alone _____   Judge alone on a transcript _____

6. Did you testify at your trial?  Yes __x__  No \_\_

7. Did you have an attorney at the following proceedings:

(a) Arraignment   Yes __x__   No \_\_
(b) Preliminary hearing   Yes __x__   No \_\_
(c) Time of plea   Yes __x__   No \_\_
(d) Trial   Yes \_\_   No \_\_
(e) Sentencing   Yes __x__   No \_\_
(f) Appeal   Yes __x__   No \_\_
(g) Other post-conviction proceeding   Yes __x__   No \_\_

8. Did you appeal your conviction?   Yes __x__   No \_\_

(a) If you did, to what court(s) did you appeal?

| Court | | | Date (Year) | Result |
|---|---|---|---|---|
| Court of Appeal | Yes __x__ | No \_\_ | 3/20/07 | Affirmed |
| Supreme Court of California | Yes __x__ | No \_\_ | 4/23/07 | Denied |
| Any other court | Yes __x__ | No \_\_ | 3/2/07 | Denied |

(b) If you appealed, were the grounds the same as those that you are raising in this petition?   Yes \_\_   No __x__

(c) Was there an opinion?   Yes __x__   No \_\_

(d) Did you seek permission to file a late appeal under Rule 31(a)?
   Yes \_\_   No __x__

4

If you did, give the name of the court and the result:

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes **x**   No ___

    **Superior Court State of California**

1. **Alamead County Superior Court**
   **Petiotion for Writ of Habeas Corpus**

2. **California Court of Appeal -First appellate District**
   **Petition for Writ of Habeas Corpus**

3. **Supreme Court of California**
   **Petition for Writ of Habeas Corpus**

**Petitioner has exhausted his state court remedies**

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.  Name of Court **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA**

Type of Proceeding **PETITION FOR WRIT OF HABEAS CORPUS**

Grounds raised (Be brief but specific):

a. **VIOLATION OF DUE PROCESS ( 14th Amnd. of U.S. Const)**

b. Cal. Const., Art 1 Sec 178 CCR Sec 2402

c. See attached points and authorities in support of

d. the petition for writ of habeas corpus

Result ___Denied___    Date of Result ___3/2/07___

II. Name of Court Court of Appeal, First Appellate District

Type of Proceeding Petition For Writ Of Habeas corpus

Grounds raised (Be brief but specific):

a. Same As Above

b.

c.

d.

Result ___Denied___    Date of Result ___4/4/2007___

III. Name of Court California Supreme Court

6

Type of Proceeding __**PETIOTION FOR WRIT OF HABEAS CORPUS**__

Grounds raised (Be brief but specific):

a. _____**Same As Above**_____

b. _____

c. _____

d. _____

Result __**Denied**_____ Date of Result __**10/10/2007**__

    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?    Yes __ No _X_

_____

(Name and location of court)

_____

B. GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

    Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

    Claim One: __**SEE ATTACHED "INSERT" A. GROUND ONE , pages 1-3**__

7

**DUE PROCESS VIOLATIONS , VIOLATIONS OF THE U.S. CONSTITUTION**

Supporting Facts: DUE PROCESS VIOLATION , VIOLATION OF THE U.S. Constitution , 14 Amendment Right Violations , Cal Const. Art 1 Sec 17 Cal Code of Regulations 2402

Claim Two: SEE ATTACHED "insert" B , Ground 2, pages 3-5

Supporting Facts: Petitioner cites the Court to :
In re Rosenkrantz(2002) 29 Cal 4th 616: In re Scott (2004) 119 Cal App. 4th 871 ( Scott ) (one)

Claim Three: ___

Supporting Facts: ___

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

8

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner submit the following authorities in support of his contented argument with the corroborated evidence submitted in form exhibits and transcripts attached. Grounds -¹

[1].

**THE BOARD OF PRISON HEARINGS BY APPLYING AN ARBITRARY AND REPETITIVE REASON FOR PAROLE DENIAL BASED ON THE OFFENSE ITSELF VIOLATES PETITIONER'S PROTECTED LIBERTY INTEREST IN RELEASE ON PAROLE AND THE RIGHT TO DUE PROCESS IN THE PAROLE SUITABILITY**

A California prisoner with a sentence of a term of years to life with possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings. Board of Pardon v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska Penal & Corrections Complex, 442 U/.S. 1 (1979); Cal. P.C. 3041(b).

A critical issue in parole denial cases concerns the BPH's use of evidence about the murder that led to the conviction. Two cases provide the guideposts for applying Superintendent v. Hill some evidence standard on this point. Again, in Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), the court explained that the value of the instant criminal offense which led to the incarceration for life term fades over time as a predictor of parole suitability. "The Parole Board" decision is one of "equity" and requires a careful balancing and assessment of the factors considered...A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Biggs, 334 F.3d at 916-17. Regardless of other case that criticize Biggs, the second District Court of Appeal, in the case of In re Wen Lee, (2006) 143 Cal.App.4th 1400. The governor's reversal of Lee's parole suitability was challenged and prevailed, *Inter Alia*,

the court found that Lee's crimes were not 'especially heinous, atrocious or cruel".

The real issue where all these courts have common ground is not the offense, but whether the if a prisoner's release would unreasonably endangers public safety (See CCR, title 15, §2403, subd. (a) [parole denied if prisoner "will pose an unreasonable risk of danger to society if released from prison"]; see In re Scott (2005) 133 Cal.App.4th 573, 595.

The passage of time in prison count for something, exemplary behavior and rehabilitation in prison, but also counts for something according to Biggs. The Board stated for the record that petitioner has progressed and programmed exceptionally, yet the Board believe that the [Offense] outweigh the progress not matter how exceptional it is. Superintendent v. Hill's standard might be l quite low, but it does require that the decision not be arbitrary, and reliance on only the facts of the crime might eventually make for an arbitrary decision.

In determining parole suitability indisputably shows that Tyson makes a strong showing of his suitability for parole. Accordingly, the Court should vacate the Board" determination that Tyson is unsuitable for parole based on its arbitrary classification of the offense stated in three consecutive hearings. (See In re Smith, 109 Cal.App. 4th at p. 507 [where there is no evidence in the record to support a decision other than suitability, remand for rehearing would be an idle act}; accord, McQuillen v. Duncan ((9th Cir. 2003) 342 F.3d 1012 In the instant case, the BPH acknowledged the petitioner's progress and deemed it exceptional; "You have programmed exceptionally well." (See **EXHIBIT (A),** Transcript of 7/25/06 hearing pg. 112).

In re Rosenkrantz (2002) 29 Ca.4th 616, the Rosenkrantz court cautioned, sole reliance on the commitment offense might, in particular cases, violate §3041, subdivision (a)'s provision,

Insert -B

and might thus also contravene the inmate's constitutionally protected expectation of parole. The Rosenkrantz court continued, that such violation could occur, "for example[,] where no circumstances of the offense reasonably could be considered more aggravated or violent that the minimum necessary to sustain a conviction for that offense." In re Rosenkrantz (2002) 29 Cal.4th 616, 683.)

Thus, the general rule is that a parole date should normally be set. Using the crime itself as grounds for a parole denial is permissible but should not "swallow" that rule. See In re Ramirez (2001) 94 Cal.App.4th 549, 570. While.

Grounds -2

[2].

**WHEN THE BOARD OF PAROLE HEARINGS SET ITS OWN STANDARD OF INTERPRETATION OF THE LAW, AND FAILS TO EXECUTE AND ENFORCE A LEGISLATURE'S STATUTES AS INTENDED THE COURT HAS A DUTY TO INTERVENE TO ENSURE THE SEPARATION OF POWERS DOCTRINE**

Petitioner exceeded all the maximum years prescribed by the matrix system. The regulations contain a matrix of suggested base terms for several categories of crimes. **See** CCR, tit. 15, §.2403. **(See EXHIBIT (F))**, where the base terms matrix for second degree murder ranges from the low of 15, 16, or 17 years to a high of 19, 20, or 21 years, depending only on some of the facts of the crime.

Petitioner exceeded all the maximum ranges for second degree murder conviction. Calculating the sentence through the matrix is petitioner's expectation of protected rights to liberty interest, expectation drown directly form the sentence "..15 years to life with possibility of parole." Yet, such matrix is not set by the BPH unless suitability has been decided, thus putting the cart before the horse. However, the California Supreme Court has determined "While the Board must point to factors beyond the minimum elements of the crime for which the inmate was committed, it need engage in no further comparative analysis before concluding

Tyson v. BPH, in a writ of Habeas Corpus

3

that the particular facts of the offense make it unsafe, at that time, to fix a date for the prisoner's release," Dannenberg, 34 Cal.4th at 1071; **See** also In re Rosenkrantz, supra, at 862-83 Cal. 2002), cert. denied, 538 U.S. 980 (2003) ("[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole" but might violate due process "where no circumstances of the offense reasonably could be considered more aggravated or violent than the minimum necessary to sustain a conviction for that offense").

Petitioner submit, the BPH has uniformly applied §2402(c)1 to deny parole in every hearing, supported by the evidence of the transcribed hearings, and regardless of different commissioners had presided in every hearing, the language is for denial is the same sentence verbiage by verbiage. **See EXHIBIT (A) pg 110-111), (EXHIBIT (D), pg.65 ) and (EXHIBIT (E ), pg.54 ).** That demonstrates invalidity of the Board's supposedly "detailed standards" which provides for meaningful application of the statute as opposed to blanket application. **See** ( Dannenberg at pg. 1080, and 1096, *footnote 16*: "the Board must apply detailed standards when evaluating whether an individual inmate is unsuitable for parole on public safety ground.")

The consistency of the "denial sentence" proves that the Board's decision making processes is regimented to dilute the property intended of detailed standards. Hence, it raises the question whether the Board usurp unlimited authority from vague regulations and become super-legislatures that are unaccountable to the people. The persistency of the Board to use the offense as a sole base for denial makes its decision arbitrary and runs the risk of violating the separation of powers doctrine by transforming every executive decision maker into a mini-legislature with the power to determine on an ad hoc basis what type of behavior satisfy their jurisdiction." People v. Ellison (1998) 68 Cal.App.4th 203, 211, quoting People v. Superior Court (Caswell) 1998) 46 Cal.3d 381, 402.) This articulation of the principle seems to speak

directly to the situation at hand. The Board, by its enactment and interpretation of Title 15, §2402, has appropriated to itself absolute and unreviewable power over parole decisions for inmates [like petitioner] serving life terms.

The Board's arbitrary application of Title 15, § 2402, to give itself a broad power to declare every crime sufficient to deny parole forever is contrary to the spirit of the penal Code provisions, the above regulation. "[I]t is an elementary proposition that statutes control administrative interpretations." Ohio casualty Ins. Co. v. Garamendi (2006) 137 Cal.App.4th 64, 78.) In such instant where a violation of separation of powers doctrine occurred, the court must intervene to strike (if necessary) any statutes which creates such risk. See Kasler v. Lockyer (2000) 23 Cal.4th 472, 493, quoting Mistretta v. U.S. (1989) 488, U.S. 361, 382); Lockyer v. County of San Francisco (2004) 33 Cal.4th 1055, 1068.

## CONCLUSION

For all of the above mentioned, this court should declare petitioner's rights and issue a writ of habeas corpus as prayed. Based on any or all of the foregoing reasons, this Court should grant the relief requested in the petition.

Dated: 10-31-07

Respectfully submitted,

*Morgan A. Tyson*

MORGAN A. TYSON
Petitioner in Pro Se.

Tyson v. BPH, in a writ of Habeas Corpus

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?   Yes ___ ; No  _x_

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  _10-31-07_        _Morgan A. Sipan_
           Date                        Signature of Petitioner

( rev. 5/96)

9