# EXHIBIT (D)

SUBSEQUENT PAROLE CONSIDERATION HEARING

STATE OF CALIFORNIA

BOARD OF PRISON TERMS

In the matter of the Life )
Term Parole Consideration )
Hearing of: )          CDC Number C-81713
)
)
MORGAN ANDRE TYSON )          **ORIGINAL**
_____)

CORRECTIONAL TRAINING FACILITY

SOLEDAD, CALIFORNIA

APRIL 3, 2001

10:25 A.M.

PANEL PRESENT:

CAROL DALY, Presiding Commissioner
T. BORDONARO, Commissioner
ROBERT HARMON, Deputy Commissioner

OTHERS PRESENT:

MORGAN ANDRE TYSON, Inmate
JEFF CHAMPLIN, Attorney for Inmate
JOHN GOODFELLOW, Deputy District Attorney

CORRECTIONS TO THE DECISION HAVE BEEN MADE

___✓___ No
_____ Yes          See Errata Sheet

Patricia Johnson              Capitol Electronic Reporting

1    CALIFORNIA BOARD OF PRISON TERMS

2    D E C I S I O N

3    PRESIDING COMMISSIONER DALY: Okay. Let the
4    record reflect that everyone is back here in the
5    room. Mr. Tyson, the Panel reviewed all of the
6    information received from the public and relied on
7    the following circumstances in concluding that the
8    prisoner is not suitable for parole and would pose
9    an unreasonable risk of danger to society or a
10   threat to public safety if released from prison:
11   The offense was carried out in an especially cruel
12   and/or callous manner. Multiple victims were
13   attacked, injured and/or killed in the same or
14   separate incidents. <u>The offense was carried out in</u>
15   <u>a manner which demonstrates an exceptionally</u>
16   <u>callous disregard for human suffering.</u> And the
17   motive for the crime was inexplicable or very
18   trivial in relation to the offense. These
19   conclusions are drawn from the Statement of Facts
20   wherein the prisoner assaulted four victims,
21   stabbing or assaulting each one, robbing them,
22   threatening to kill them, and actually stabbed the
23   last victim to death. The prisoner has on previous
24   occasions inflicted or attempted to inflict serious
25   injury on a victim, a record of violence or
26   assaultive behavior, an escalating pattern of
27   MORGAN ANDRE TYSON   C-81713   DECISION PAGE 1   04/03/01

1  criminal conduct. Has a history of unstable or
2  tumultuous relationships with others. Previously
3  sexually assaulted another in a manner calculated
4  to inflict unusual pain or fear upon the victim.
5  And he failed to profit from society's previous
6  attempts to correct his criminality which included
7  a prior prison term. Has an unstable social
8  history whereas he is divorced, had poor family
9  relations, and had an extensive use of drugs. The
10 prisoner has not participated in beneficial self-
11 help and/or therapy programs such as AA. And he
12 has failed to demonstrate evidence of positive
13 change. The -- And the summary of 18 128s, and the
14 last one in September of '98. The
15 psychiatric/psychological report dated March of
16 2000 authored by Dr. Terrini was not totally
17 supportive of release. In that, he stated the
18 violence potential slightly is above average and
19 there's a possible risk factor which would be a
20 precursor to violence for this inmate would he
21 continue in the use of drugs, and there is not
22 adequate support on the outside at this time. The
23 prisoner lacks realistic parole plans in that he
24 does not have a viable residence plan in the last
25 county of legal residence, and he does not have
26 acceptable employment plans at this time. The
27 **MORGAN ANDRE TYSON    C-81713    DECISION PAGE 2    04/03/01**

1  Hearing Panel notes that responses to 3042 notices
2  indicate opposition to a finding of parole
3  suitability, specifically from the District
4  Attorney of Alameda County and the Oakland Police
5  Department. The Panel makes the following
6  findings: The prisoner needs therapy in order to
7  face, discuss, understand, and cope with stress in
8  a nondestructive manner. Until progress is made,
9  the prisoner continues to be an unpredictable
10 threat to others. Nevertheless, the prisoner
11 should be commended for completing classes in
12 Salesmanship II, the Entrepreneur group,
13 Alternatives to Violence, the Vietnam group, and
14 the steady work that he has been doing in the
15 woodshop. The denial at this time is for two
16 years. In that the prisoner committed the offense
17 in an especially cruel manner. There were multiple
18 victims attacked, injured and/or killed in the same
19 or separate incidents. And the offense was carried
20 out in a dispassionate or calculated manner. The
21 offense was carried out in a manner which
22 demonstrates an exceptionally callous disregard for
23 human suffering. The motive for the crime was
24 inexplicable or very trivial in relation to the
25 offense. The prisoner has a prior record of
26 violent behavior in that the prisoner was convicted
27 MORGAN ANDRE TYSON   C-81713   DECISION PAGE 3   04/03/01

1    of auto charge [sic] and rape. And the prisoner
2    has an extensive history of criminality and/or
3    misconduct including multiple attacks of victims.
4    The prisoner has a history of unstable and
5    tumultuous relationships with others. The Panel
6    recommends that the prisoner remain disciplinary-
7    free, if available upgrade vocationally and
8    educationally, and if available participate in
9    self-help and therapy programming. And the Panel
10   is -- believes that the prisoner's current mental
11   health is an important issue and that the full
12   evaluation of the Panel requests that the clinician
13   do a re-evaluation. So we're requesting a new
14   psych at this time. That will conclude the hearing
15   for the day.
16        **ATTORNEY CHAMPLIN:** Mr. Tyson did ask me to
17   make one comment is that if the Panel did want him
18   to continue to upgrade vocationally that he would
19   request a transfer to San Quentin so he could
20   continue his college.
21        **COMMISSIONER BORDONARO:** Well, I don't think
22   the Panel would be opposed to that.
23        **PRESIDING COMMISSIONER DALY:** Okay. We've
24   noted it on the record and that won't be a decision
25   that we can make, but certainly it will be a part
26   of the record for their consideration.
27   MORGAN ANDRE TYSON   C-81713   DECISION PAGE 4   04/03/01

```
1    Okay.   That concludes the hearing.   It's 15:15
2    hours.
3              INMATE TYSON:  Thank you.
4              COMMISSIONER BORDONARO:  Good luck.
5              INMATE TYSON:  All right, thank you.
6                         --oOo--
```

25  **PAROLE DENIED TWO YEARS**

APR 3 0 2001

26  **EFFECTIVE DATE OF THIS DECISION** _____

27  MORGAN ANDRE TYSON   C-81713   DECISION PAGE 5   04/03/01

## CERTIFICATE AND

## DECLARATION OF TRANSCRIBER

I, PATRICIA M. JOHNSON, a duly designated transcriber, CAPITOL ELECTRONIC REPORTING, do hereby declare and certify under penalty of perjury that I have transcribed tape(s) which total one in number and cover a total of pages numbered 1 through 69, and which recording was duly recorded at CORRECTIONAL TRAINING FACILITY, at SOLEDAD, CALIFORNIA, in the matter of the SUBSEQUENT PAROLE CONSIDERATION HEARING of MORGAN ANDRE TYSON, CDC No. C-81713, on APRIL 3, 2001, and that the foregoing pages constitute a true, complete, and accurate transcription of the aforementioned tape(s) to the best of my ability.

I hereby certify that I am a disinterested party in the above-captioned matter and have no interest in the outcome of the hearing.

Dated April 17, 2001, at Sacramento County, California.

_____
Patricia M. Johnson
Transcriber
**CAPITOL ELECTRONIC REPORTING**