# EXHIBIT (E)

SUBSEQUENT PAROLE CONSIDERATION HEARING

STATE OF CALIFORNIA

BOARD OF PRISON TERMS

In the matter of the Life   )
Term Parole Consideration   )   CDC Number C-81713
Hearing of:                 )
                            )
MORGAN ANDRE TYSON          )
                            )
_____)



CALIFORNIA STATE PRISON, SAN QUENTIN

SAN QUENTIN, CALIFORNIA

AUGUST 27, 2003


PANEL PRESENT:

BOOKER WELCH, Presiding Commissioner
ERNIE COLDREN, Deputy Commissioner

OTHERS PRESENT:

MORGAN ANDRE TYSON, Inmate
AL SILVER, Attorney for Inmate


CORRECTIONS TO THE DECISION HAVE BEEN MADE

        ____ No              See Review of Hearing
        ✓___ Yes              Transcript Memorandum


**Valerie Lord, Transcriber     Capitol Electronic Reporting**

54

|     |                                                                |
|-----|----------------------------------------------------------------|
| 1   | **CALIFORNIA BOARD OF PRISON TERMS**                           |
| 2   | **D E C I S I O N**                                            |
| 3   | **PRESIDING COMMISSIONER WELCH:** Okay, the                    |
| 4   | Panel reviewed all information received from the               |
| 5   | public and relied on the following circumstances               |
| 6   | in concluding that the prisoner is not suitable                |
| 7   | for parole and would pose an unreasonable risk of              |
| 8   | danger to society or a threat to public safety if              |
| 9   | released from prison. The offense was carried out              |
| 10  | in an especially cruel and callous manner.                     |
| 11  | Multiple victims were attacked, one was killed, in             |
| 12  | separate incidents. The offense was carried out                |
| 13  | in a manner which showed a callous disregard for               |
| 14  | another human being. The victims in some cases                 |
| 15  | was abused, some cases it appears that they were               |
| 16  | mutilated due to the stab wounds, and certainly we             |
| 17  | feel that in certain cases there was an attempt at             |
| 18  | following the victims. The offense was carried                 |
| 19  | out in a manner that demonstrates an exceptionally             |
| 20  | callous disregard for a human being, especially                |
| 21  | for women. The motive for the crime was                        |
| 22  | inexplicable or very trivial in relationship to                |
| 23  | the offense. The conclusions were drawn from the               |
| 24  | Statement of Facts, wherein on July 10, 1982, at               |
| 25  | approximately 3:30, the (inaudible) Sharon King                |
| 26  | was spending the night at the apartment of a                   |
| 27  | **MORGAN TYSON    C-81713    DECISION PAGE 1    8/27/03**      |

1  friend, the victim, Gail Williams, in Oakland.
2  She was woke up as, Ms. King was woke up. The
3  victim indicated that someone had entered their
4  apartment and stabbed her and as a result the
5  victim died as a result of those stab wounds.
6  It's also noted that the prisoner had engaged in a
7  crime spree. There was an attempted robbery where
8  victim, Jeannette Charles, was attacked. There
9  was another, an attack on a victim, Tina Marie
10 Boston, where she was attacked with a deadly
11 weapon, attempted robbery. There was another
12 attack on victim, Karen Kline. So when the
13 prisoner committed the first series of, the first
14 crime, that did not deter him from later
15 committing additional crimes. The prisoner had an
16 escalating pattern of criminal conduct. He
17 previously inflicted or attempted to, or inflicted
18 injury on another. He had a record of assaultive
19 behavior, a rape. He had an escalating pattern of
20 criminal conduct and violence. He had a history
21 of unstable relationships with others, especially
22 with women. He failed previous grants of parole,
23 and cannot be counted upon to avoid criminality.
24 He failed to profit from society's previous
25 attempts to correct his criminality, and that
26 included adult probation, parole, and county jail
27 **MORGAN TYSON    C-81713    DECISION PAGE 2    8/27/03**

1  and a prior prison term.  Under prior criminal
2  history, we note that the prisoner was arrested in
3  Georgia for auto burglary and a rape.  He received
4  three-year prison sentence for the burglary and an
5  eight-year sentence for the rape.  Also noted is
6  that there may be some indications in the file
7  that the prisoner had an unstable social history,
8  his testimony that he had an unstable relationship
9  with his father.  The prisoner has programmed in a
10 (inaudible) and acceptable manner.  The hearing
11 Panel notes that in response to Penal Code 3042
12 Notices indicating opposition to a finding of
13 suitability, that specifically the District
14 Attorney's office, several Deputy District
15 Attorneys from the District Attorney's office
16 wrote letters, at least two, voicing opposition to
17 a finding of suitability.  There's a letter in the
18 file from the Oakland Police Department, voicing
19 opposition to a finding of suitability.  The Panel
20 makes the following findings:  the prisoner needs
21 to continue to participate in his programs.  He
22 needs to continue to participate in positive
23 programs, such as self-help and other kinds of
24 programs.  Until enough progress is made, the
25 prisoner continues to be unpredictable and a
26 threat to others.  Nevertheless, the prisoner's
27 **MORGAN TYSON    C-81713    DECISION PAGE 3    8/27/03**

1  gains are recent, and he must demonstrate the
2  ability to maintain those gains over an extended
3  period of time. When we say recent, we're talking
4  about a lot of the activities that you're
5  participating in, the self-help programs, those
6  kinds of things, and you're making good progress,
7  however. Nevertheless, those positive areas of
8  your program does not outweigh the factors of
9  unsuitability. Your parole is going to be denied
10 for one year, not one year, I'm sorry, two years.
11 Excuse me, parole is denied for two years. In a
12 separate decision, the hearing Panel finds that it
13 is not reasonable to expect that parole would be
14 granted at a hearing during the following two
15 years. The reasons are that one, is that the
16 crime, the crime was carried out in an especially
17 cruel and callous manner. The prisoner went on a
18 crime spree. One person was killed and attacked,
19 an unprovoked attack, a woman. And at least three
20 other women were attacked, unprovoked. So there's
21 multiple victims in the attack. The offense was
22 carried out in a dispassionate and calculated
23 manner. The victim was abused, some was
24 mutilated. The offense was carried out in a
25 manner that demonstrates an exceptionally callous
26 disregard for another human being. The motive for
27 **MORGAN TYSON   C-81713   DECISION PAGE 4   8/27/03**

1  the crime was inexplicable. The prisoner had a
2  prior history of violence against women. He had
3  tumultuous relationships with others. He
4  previously sexually assaulted another in a manner
5  calculated to inflict pain and fear upon the
6  victim. The prisoner recently showed improvement.
7  However, a recent psychiatric report is not
8  supportive of parole release. The report is dated
9  4/11/2003, by Dr. Francis. It shows that the
10 prisoner has a ways to go. It shows that the
11 prisoner still does not understand why he
12 committed the crimes that he committed, and
13 certainly based on the kinds of crimes that was
14 committed by you, sir, the psychiatric report is
15 certainly not a report that's endorsing your
16 release at this time. The prisoner has not
17 completed the necessary programming which is
18 essential to his adjustment, and needs additional
19 time to gain such programming. He's failed to
20 participate in self-help programs, even though we
21 recognize that you are participating, he failed to
22 adequately gain insight through these programs as
23 to why he committed the crime. Therefore, a
24 longer period of observation and evaluation of the
25 prisoner is required before the Board shall find
26 that he is suitable for parole. The Panel
27 **MORGAN TYSON    C-81713    DECISION PAGE 5    8/27/03**

59

1  recommends that you remain disciplinary-free, and
2  that you continue to participate in self-help
3  programs. And that concludes the reading of the
4  decision. Commissioner?
5           **DEPUTY COMMISSIONER COLDREN:** Best of luck.
6           **INMATE TYSON:** All right, thank you,
7  Commissioner, I appreciate that.
8           **DEPUTY COMMISSIONER COLDREN:** You're
9  welcome. That concludes the hearing at
10 approximately 10:45.
11                      --oOo--
12
13
14
15
16
17
18
19
20
21
22
23
24
25 **PAROLE DENIED TWO YEARS**
26 **FINAL DATE OF DECISION**_____NOV 2 5____
27 MORGAN TYSON    C-81713    DECISION PAGE 6    8/27/03

60

# CERTIFICATE AND
# DECLARATION OF TRANSCRIBER

I, VALERIE C. LORD, a duly designated transcriber, CAPITOL ELECTRONIC REPORTING, do hereby declare and certify under penalty of perjury that I have transcribed tape(s) which total one in number and cover a total of pages numbered 1 through 59, and which recording was duly recorded at CALIFORNIA STATE PRISON, SAN QUENTIN, AT SAN QUENTIN, CALIFORNIA, in the matter of the SUBSEQUENT PAROLE CONSIDERATION HEARING of MORGAN TYSON, CDC No. C-81713, on AUGUST 27, 2003, and that the foregoing pages constitute a true, complete, and accurate transcription of the aforementioned tape(s) to the best of my ability.

I hereby certify that I am a disinterested party in the above-captioned matter and have no interest in the outcome of the hearing.

Dated September 12, 2003, at Auburn, California.

_____
Valerie C. Lord
Transcriber
**CAPITOL ELECTRONIC REPORTING**