# EXHIBIT (F)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA        Dept. No. 9

Date: March 2, 2007       Hon. LARRY J. GOODMAN, Judge       Fil R. Cruz, Deputy Clerk.
                                                              Not Reported, Reporter

IN RE
MORGAN ANDRE TYSON                    Counsel appearing        No Appearance
                                      for Petitioner
              Petitioner
vs.                                   Counsel appearing        No Appearance
                                      for Respondent

PEOPLE OF THE STATE OF CALIFORNIA
              Respondent

Nature of Proceedings:  **ORDER OF THE COURT**
                        **REGARDING PETITION FOR WRIT OF HABEAS CORPUS**
                                                    Case No. 75513
                                                    PFN:   AMX770
                                                    CEN:  2060285

The Petition for writ of habeas corpus is denied. The Petition fails to state a prima facie case for relief. Even though Petitioner has submitted numerous documents in support of his Petition, review of the transcripts provided and documents pertaining to the July 25, 2006 hearing, indicate that there was no abuse of discretion by the Board of Prison Terms. The factual basis of the BPT's decision granting or denying parole is subject to a limited judicial review. A Court may inquire only whether some evidence in the record before the BPT supports the decision to deny parole. The nature of the offense alone can be sufficient to deny parole. (In Re Rosenkrantz (2002) 29 Cal 4th 616, 652, 658, 682; In Re Dannenberg (2005) 34 Cal 4th 1061 The record presented to this Court for review demonstrates that there was certainly some evidence, including, but not limited to the committing offense, Petitioner's lack of total candor and lack of insight into the committing offense and the motivation for the committing offense, Petitioner's lack of firm parole plans and the unfavorable contents of the latest psychology report prepared by Dr. Inaba. There is nothing in the record that indicates that the Board's decision was arbitrary or capricious, nor that Petitioner's equal protection or due process rights were violated. Thus, Petitioner has failed to meet his burden of sufficiently proving or supporting the allegations that serve as the basis for habeas relief.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Morgan A. Tyson
CDC or ID Number C-81713
CSP S.Q.
San Quentin, CA 94976

Dated: March 9, 2007
By: _____
    Fil R. Cruz, Deputy Clerk

Enclosed as stated above

Writ - Tyson, Morgan Andre, March 2, 2007

# Barclays Official
# CALIFORNIA CODE OF REGULATIONS

MAR 28 2003

OLEN FROM
& MAIN LAW LIBRARY

## Title 15. Crime Prevention and Corrections

### Division 2. Board of Prison Terms

CALIFORNIA STATE PRISON
LAW LIBRARY
SAN QUENTIN

**Vol. 20**

**THOMSON
WEST**

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
50 California Street • Nineteenth Floor • San Francisco, CA 94111
800-888-3600

I LIBRARY

Page

o Records.
ent of Records.
re of Information.
ing for Disclosures.
..................... 51
view .................. 51

ion Considered.
ng Disparate Sentence

ary Screening.
view.
view and
endations.
or Review.

w of Department
od Time Credit ......... 52

view.
f Request.
Ordered.
Sentencing
..................... 52

s.
ime.
lore Crimes, All
nt.
lore Crimes, Consecutive
for Crimes Not
ed in Prison.
lore Crimes, Consecutive
for Crimes Committed in
While Subject to
onment for Escape.
tions of Concurrent and
ive Crimes.
nents.
nents for Prior Prison

Use of a Deadly or
s Weapon.
ith a Firearm.
irearm.
ily Injury.
as on Enhancements.
roblems.
e Results.
Legal Status.
us Offender Screening.
erious Offender Screening.
view of Serious Offenders.
ffender Hearings.
hart.
ent Chart.
tion
..................... 53
iew of Department Denial
ime Credit.

(7-9-2004)

## (c) Matrix of Base Terms for Second Degree Murder committed on or after November 8, 1978.

### CIRCUMSTANCES

| First Degree Murder | A. Indirect | B. Direct or Victim Contribution | C. Severe Trauma | D. Torture |
|---|---|---|---|---|
| II. *Prior Relationship* Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense, use Category IV. | 26–27–28 | 27–28–29 | 28–29–30 | 29–30–31 |
| III. *No Prior Relationship* Victim had little or no personal relationship with prisoner *or* motivation for act resulting in death was related to the accomplishment of another crime, e.g., death of victim during robbery, rape, or other felony. | 27–28–29 | 28–29–30 | 29–30–31 | 30–31–32 |
| IV. *Threat to Public Order or Murder for Hire* The act resulting in the victim's death constituted a threat to the public order including the murder of a police officer, correctional officer, public official, fellow patient or prisoner, any killing within an institution, or any killing where the prisoner hired and/or paid another person to commit the offense. | 28–29–30 | 29–30–31 | 30–31–32 | 31–32–33 |

SUGGESTED BASE TERM

### CIRCUMSTANCES

| Second Degree Murder Penal Code § 189 (in years and does not include post conviction credit as provided in § 2410) | A. Indirect Victim died of causes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force; e.g., shock producing heart attack, a crime partner actually did the killing. | B. Direct or Victim Contribution Death was almost immediate or resulted at least partially from contributing factors from the victim; e.g., victim initiated struggle or had goaded the prisoner. This does not include victims acting in defense of self or property. | C. Severe Trauma Death resulted from severe trauma inflicted with deadly intensity; e.g., beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with weapon not resulting in immediate death or actions calculated to induce terror in the victim. |
|---|---|---|---|
| I. *Participating Victim* Victim was accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partner, drug dealer, etc. | 15–16–17 | 16–17–18 | 17–18–19 |
| II. *Prior Relationship* Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. This category shall not be utilized if victim had a personal relationship but prisoner hired and/or paid a person to commit the offense. | 16–17–18 | 17–18–19 | 18–19–20 |
| III. *No Prior Relationship* Victim had little or no personal relationship with prisoner *or* motivation for act resulting in death was related to the accomplishment of another crime, e.g., death of victim during robbery, rape, or other felony. | 17–18–19 | 18–19–20 | 19–20–21 |

SUGGESTED BASE TERM

## (d) Matrix of Base Terms for Attempted Willful Premeditated Murder committed on or after January

### CIRCUMSTANCES

| Attempted Murder Penal Code § 664(a) (in years and does not include post conviction credit as provided in § 2410) | A. Minor Injury Victim unharmed received minor |
|---|---|
| I. *Participating Victim* Victim was accomplice or otherwise implicated in a criminal act with the prisoner, e.g., crime partner, drug dealer, etc. | 7–8–9 |
| II. *Prior Relationship* Victim was involved in a personal relationship with prisoner, e.g., spouse, family member, friend, etc. which contributed to the motivation for the attempted murder. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense, use category IV. | 8–9–10 |
| III. *No Prior Relationship* Victim had little or no personal relationship with prisoner or the motivation for the attempted murder was related to the accomplishment of another crime, e.g., robbery, rape, or other felony. | 9–10–11 |
| IV. *Threat to Public Order or Murder for Hire* The attempted murder constituted a threat to the public order, e.g., police officer, correctional officer, public official, fellow patient or prisoner *or* any attempted murder within an institution, any attempted murder where the prisoner hired and/or paid another person to commit the offense. | 10–11–12 |

SUGGESTED

## (e) Matrix of Base Terms for Attempted Murder Firefighter committed on or after January 1,

### CIRCUMSTANCES

| Attempted Murder Penal Code § 664(e) (in years and does not include post conviction credit as provided in § 2410) | A. Minor Victim unharmed received m |
|---|---|
| I. Peace officer or firefighter was placed at risk of serious injury or death due to the act(s) of the prisoner. | 7–8–9 |
| II. The act was committed while the prisoner was fleeing or was attempting to flee from law enforcement officers or the manner in which the act was committed created a risk of injury to others e.g., high speed chase, shooting from a moving vehicle, fire set in inhabited building. | 8–9–10 |