NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN A. TYSON,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT L. AYERS, et al.,<br><br>    Respondents. | No. C 07-5784 JF (PR)<br><br>ORDER DENYING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; ORDER TO SHOW CAUSE<br><br>(Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board's") decision denying him parole. The Court will DENY Petitioner's motion to proceed in forma pauperis as moot because Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1984, an Alameda Superior Court jury convicted Petitioner of second degree murder (Cal. Penal Code § 187). Petitioner challenges the Board of Prison Terms' denial of parole at his July 2006 parole suitability hearing. Petitioner filed three state habeas petitions in the state superior court, state appellate court and state supreme court, all of

1  which were denied as of October 10, 2007. Petitioner filed the instant federal habeas
2  petition on November 14, 2007.

## DISCUSSION

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) the Board applied an arbitrary and repetitive reason for its parole denial based on the offense itself in violation of Petitioner's protected liberty interest in release on parole and the right to due process in the parole suitability; and (2) when the Board set its own standard of interpretation of the law, and fails to execute and enforce a legislature's statutes as intended the court has a duty to intervene to enforce the separation of powers doctrine. Liberally construed, Petitioner's allegations are sufficient to require a response. The Court orders Respondent to show cause why the instant petition should not be granted.

## CONCLUSION

1.    Petitioner's motion to proceed in forma pauperis (docket no. 3) is DENIED as moot because Petitioner has paid the filing fee

2.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

///

1      3.    Respondent shall file with the Court and serve on Petitioner, within **sixty**
2  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
3  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
4  not be granted. Respondent shall file with the answer and serve on Petitioner a copy of
5  all portions of the state parole record that have been transcribed previously and that are
6  relevant to a determination of the issues presented by the petition.

7      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
8  with the Court and serving it on Respondent within **thirty days** of his receipt of the
9  answer.

10      4.    Respondent may file a motion to dismiss on procedural grounds in lieu of
11  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
12  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
13  with the Court and serve on Respondent an opposition or statement of non-opposition
14  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
15  serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

16      5.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
17  that all communications with the Court must be served on respondent by mailing a true
18  copy of the document to Respondent's counsel. Petitioner must keep the Court and all
19  parties informed of any change of address by filing a separate paper captioned "Notice of
20  Change of Address." He must comply with the Court's orders in a timely fashion.
21  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
22  to Federal Rule of Civil Procedure 41(b).

23      IT IS SO ORDERED.
24  DATED: 2/1/08

                       JEREMY FOGEL
25                        United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Morgan A. Tyson
   C-81713
   CSP -San Quentin
4  San Quentin, CA  94964

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Petitioner's Motion to Proceed in Forma Pauperis as Moot; Order to Show Cause
P:\pro-se\sj.jf\hc.07\Tyson784ifposc                 4