1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STEVEN G. WARNER, State Bar No. 239269
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5747
    Fax:  (415) 703-5843
8   Email:  Steven.Warner@doj.ca.gov

9  Attorneys for Respondent Warden Robert L. Ayers, Jr.
   SF2008400545
10

11           IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15 | **MORGAN A. TYSON,** | C07-05784JF |

16 | Petitioner, | **ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF** |

17 | v. | **POINTS AND AUTHORITIES** |

18 | **ROBERT L. AYERS,  et al.,** | |

19 | Respondents. | Judge:  The Honorable Jeremy Fogel |

20

21      In this habeas corpus action, state inmate Morgan A. Tyson contends that the Board of

22 Parole Hearings unconstitutionally denied him parole at a 2006 subsequent consideration

23 hearing.

24      This Court issued an order to show cause on February 4, 2008.  Respondent Warden Robert

25 L. Ayers, Jr., answers as follows:

26                        **ANSWER**

27      Respondent hereby admits, denies, and alleges the following in response to the petition for

28 writ of habeas corpus filed in this Court on November 14, 2007:

Answer to Order to Show Cause; Mem. of P. & A.                          *Tyson v. Ayers*
                                                                Case No. C07-05784JF

1.    Respondent affirmatively alleges that Tyson is lawfully in the custody of the California Department of Corrections and Rehabilitation following his December 23, 1983 conviction for second-degree murder with firearm use, two counts of assault, one count of attempted robbery, and two counts of robbery. (Ex. 1, Abstract of J.; Ex. 2, Abstract of J. – Commitment.) He is currently serving an indeterminate sentence of fifteen years to life plus five years. (*See id.*) Tyson does not challenge this conviction in the instant action.

2.    Tyson was convicted of second-degree murder for stabbing a woman at the bottom of the staircase to her apartment on July 10, 1982. (Ex. 3, Oakland Police Department, Crime Report at 1, 4.) Tyson committed two robberies and an attempted robbery against three different victims in the weeks prior to the murder:  taking a woman's purse and knocking her to the ground and stabbing her on June 21, 1982; taking a woman's purse and knocking her to the ground in front of her seven-year-old niece on July 1, 1982; and accosting a woman, knocking her to the ground, and attempting to steal her purse on July 4, 1982. (Ex. 4, Probation Officer's Report and Recommendation at 3-4.)

3.    Respondent admits that the Board of Parole Hearings found Tyson unsuitable for parole on August 10, 2006. (Ex. 5, Subsequent Parole Consideration Hearing [Transcript], July 25, 2006 at 110.)

4.    Respondent admits that Tyson filed a petition in Alameda County Superior Court generally alleging the same claims that he alleges here. (Ex. 6, Pet. for Writ of Habeas Corpus.[1]) Respondent further admits that the Alameda County Superior Court denied Tyson's petition for writ of habeas corpus on March 2, 2007. (Ex. 7, Order Denying Pet. for Writ of Habeas Corpus.)

5.    Respondent admits that Tyson filed a petition in the California Court of Appeal generally alleging the same claims that he alleges here. (Ex. 8, Pet. for Writ of Habeas Corpus.) Respondent further admits that the California Court of Appeal summarily denied Tyson's

---

[1]. To avoid a voluminous and repetitive filing, Respondent does not include the exhibits to any of the state court habeas petitions as exhibits to this Answer. Respondent will gladly provide this Court with its copies of those exhibits upon request.

1  petition for writ of habeas corpus on April 2, 2007. (Ex. 9, Order.)

2      6.    Respondent admits that Tyson filed a petition for review in the California Supreme

3  Court generally alleging the same claims that he alleges here. (Ex. 10, Pet. for Writ of Habeas

4  Corpus.) Respondent further admits that the California Supreme Court summarily denied

5  Tyson's petition on October 10, 2007. (Ex. 11, California Supreme Court Denial.) Respondent

6  also admits that Tyson thus exhausted his state court remedies in regard to the claims alleged

7  here stemming from the Board's 2006 denial. However, Respondent denies that Tyson

8  exhausted his claims to the extent that they are more broadly interpreted to encompass any

9  systematic issues beyond the 2006 denial.

10      7.    Respondent denies that Tyson presents a federal claim for review when he contends

11 that he exceeded the maximum term under applicable state law sentencing matrices. Under *In re*

12 *Dannenberg*, 34 Cal. 4th 1061, 1098 (2005), the Board properly found Tyson unsuitable for

13 parole without relying on the matrices for second-degree murder because some evidence

14 indicated he was an unreasonable risk to public safety. In other words, even were Tyson

15 presenting a federal claim, it is without merit because the Board need not consider any relevant

16 state law sentencing matrices until finding Tyson suitable for parole. *Id.*

17      8.    Respondent preserves the argument that Tyson does not have a federally protected

18 liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1,

19 12 (1979) (liberty interest in conditional parole release date created by unique structure and

20 language of state parole statute); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's

21 parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates

22 parole before a suitability finding); and *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal

23 liberty interest created unless an action imposes an atypical or significant hardship compared

24 with ordinary prison life). *Contra Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th

25 Cir. 2006) (holding that California inmates have a federally protected liberty interest in a parole

26 date).

27      9.    Respondent denies that the state courts' denials of habeas corpus relief were contrary

28 to, or involved an unreasonable application of, clearly established United States Supreme Court

Answer to Order to Show Cause; Mem. of P. & A.                              *Tyson v. Ayers*
                                                                  Case No. C07-05784JF

3

1  law, or that the denials were based on an unreasonable interpretation of facts in light of the

2  evidence presented.  Tyson therefore fails to make a case for relief under AEDPA.

3      10.   Respondent affirmatively alleges that Tyson had an opportunity to present his case to

4  the Board, and that the Board provided him with a detailed explanation for its denial.  Thus,

5  Tyson received all process due under *Greenholtz*, the only clearly established federal law

6  regarding inmates' due process rights at parole consideration hearings.

7      11.   Respondent affirmatively alleges that the Board considered all relevant and reliable

8  evidence before it, and that some evidence supports its decision.  Respondent denies that the

9  Board's findings violate Tyson's due process rights for this reason.  However, Respondent

10  further affirmatively alleges that the some-evidence standard does not apply in federal habeas

11  proceedings challenging parole denials, and that the some-evidence standard is only clearly

12  established federal law in the prison disciplinary context.

13      12.   Respondent affirmatively alleges that the Board properly considered the gravity of

14  Tyson's commitment offense as required under section 3041(b).  Respondent denies that the

15  Board relied solely on the commitment offense in denying Tyson parole, and that the

16  commitment offense has lost its predictive value and is no longer evidence of Tyson's current

17  risk of danger to society.  Respondent further denies that the Board's denial was in any way

18  arbitrary or repetitive because of its partial reliance on the commitment offense, or that this

19  partial reliance violated due process or required the Board to find offense circumstances beyond

20  the minimum necessary to sustain a conviction for the offense.

21      13.   Respondent denies that the Board has violated the separation of powers doctrine, acted

22  as a legislative body, relied on vague regulations or statutes, or failed to execute or enforce

23  statutes or regulations as intended.  Respondent further denies that the Board applied any

24  regulation arbitrarily, or in a manner contrary to statute or requiring court intervention.

25  Respondent affirmatively alleges that Tyson fails to meet his burden of proof as to these claims.

26      14.   Respondent affirmatively alleges that it is irrelevant whether the Board has applied the

27  same regulatory section to deny Tyson parole at three of his subsequent consideration hearings.

28  Respondent denies that the Board has failed to apply detailed standards in evaluating Tyson's

1  parole suitability.

2      15.  Respondent admits that Tyson's claims are timely under 28 U.S.C. § 2244(d)(1)

3  (2000), and are not barred by any other procedural defense.

4      16.  Respondent affirmatively alleges that an evidentiary hearing is unnecessary in this

5  matter.

6      17.  Respondent denies that this Court should vacate the Board's unsuitability

7  determination.

8      18.  Respondent affirmatively alleges that Tyson establishes no grounds for habeas relief.

9      19.  Except as expressly admitted above, Respondent denies every allegation in the petition,

10  and specifically denies any violation of Tyson's administrative, constitutional, or statutory rights.

11      Thus, Respondent requests that this Court deny the petition and dismiss these proceedings.

12                    **MEMORANDUM OF POINTS AND AUTHORITIES**

13                                    **ARGUMENT**

14        **THE STATE COURTS' DENIALS OF TYSON'S HABEAS
             PETITIONS WERE NEITHER CONTRARY TO OR AN**
15        **UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED
             FEDERAL LAW, NOR BASED ON AN UNREASONABLE**
16        **DETERMINATION OF THE FACTS.**

17      Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state

18  court already adjudicated on the merits only if the state court's adjudication was either:  1)

19  "contrary to, or involved an unreasonable application of, clearly established Federal law, as

20  determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

21  determination of the facts in light of the evidence presented at the State Court proceeding."  28

22  U.S.C. § 2254(d)(1-2) (2000).  The state court decisions denying Tyson's claim for habeas relief

23  were neither contrary to or an unreasonable application of federal law, nor were they based on an

24  unreasonable determination of the facts in light of the evidence presented.  Therefore, Tyson fails

25  to establish a violation of AEDPA standards, and the state courts decisions must stand.

26      **A.  The State Court Decisions Were Not Contrary to Clearly Established Federal
             Law.**

27

28      In *Greenholtz*, the United States Supreme Court established the due process protections

Answer to Order to Show Cause; Mem. of P. & A.                    *Tyson v. Ayers*
                                                      Case No. C07-05784JF

1    required in a state parole system. The Court held that the only process due at a parole

2    consideration hearing is an opportunity for the inmate to present his case, and an explanation for

3    a parole denial. *Greenholtz*, 442 U.S. at 16. Tyson's claim fails because he received both of

4    these protections.

5        At his hearing, Tyson had an opportunity to present his case to the Board and received an

6    explanation as to why the Board denied parole. (*See generally* Ex. 5.) Tyson does not contend

7    otherwise in his petition. Therefore, the state courts properly upheld the Board's decision – and

8    the petition should be denied – because Tyson received all process due under *Greenholtz*.

9        Moreover, the some-evidence standard does not apply in federal habeas proceedings

10   challenging parole denials. The United States Supreme Court reiterated that for AEDPA

11   purposes, "clearly established federal law" refers only to the holdings of the nation's highest

12   court on the specific issue presented. *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 653 (2006).

13   In *Musladin*, a convicted murderer filed a federal habeas petition after a state appeals court

14   upheld the victim's family members' wearing of buttons with the victim's photograph on them

15   during the trial as not inherently or actually prejudicial under two United State Supreme Court

16   cases. *Id.* at 651-52. The Court of Appeals for the Ninth Circuit reversed, noting that the state

17   court's decision was contrary to, or involved an unreasonable application of, clearly established

18   federal law – the prejudice test in the two United State Supreme Court cases. *Id.* at 652. In

19   vacating the Ninth Circuit's decision, the Supreme Court stated that the cases that the Ninth

20   Circuit relied on involved state-sponsored courtroom practices – making a defendant wear prison

21   clothing during trial in one and seating four uniformed troopers behind a defendant on trial in the

22   other – that were unlike the private action of the victim's family members' wearing of buttons.

23   *Id.* at 653-54. The *Musladin* Court further noted that the two cases were not clearly established

24   federal law on the issue at hand because the United States Supreme Court "has never addressed a

25   claim that such private-actor courtroom conduct was so inherently prejudicial that it deprived a

26   defendant of a fair trial." *Id.* at 653. Consequently, the Court held that the Ninth Circuit erred by

27   importing a federal test for prejudicial state action in a courtroom to private spectators'

28   courtroom conduct. *Id.* at 654.

Answer to Order to Show Cause; Mem. of P. & A.

*Tyson v. Ayers*
Case No. C07-05784JF

1    Recently, in *Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct. 1933, 1942 (2007), the United

2  States Supreme Court again factually distinguished two of its cases that the Ninth Circuit cited in

3  holding that the state court unreasonably applied clearly established federal law when finding

4  ineffective assistance of counsel claims frivolous.  In *Landrigan*, a criminal defendant questioned

5  by the judge told the court that he did not want mitigating evidence presented (his attorney

6  advised otherwise).  *Id.* at 1937-38.  The United States Supreme Court reasoned that the two

7  cases that the Ninth Circuit relied on were not clearly established federal law by distinguishing

8  them factually.  *See id.* at 1942.  The Court noted that one case involved an attorney's failure to

9  provide mitigating evidence, while the other case concerned a defendant who refused to help

10  develop mitigating evidence.  *Id.*

11    Likewise, the Ninth Circuit has recently affirmed this principle in a number of cases.  For

12  instance, in *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007), the Ninth Circuit affirmed

13  the district court's denial of a petition alleging ineffective assistance of appellate counsel based

14  on an alleged conflict of interest because no Supreme Court case has held that such an

15  irreconcilable conflict violates the Sixth Amendment.  Similarly, in *Nguyen v. Garcia*, 477 F.3d

16  716 (9th Cir. 2007), the Ninth Circuit upheld the state appellate court's decision – refusing to

17  apply *Wainwright v. Greenfield*, 474 U.S. 284 (1986) to a competency hearing – as not contrary

18  to clearly established federal law because the Supreme Court has not held that *Wainwright*

19  applies to competency hearings.  *Id.* at 718, 727.  Moreover, in *Locke v. Cattell*, 476 F.3d 46 (9th

20  Cir. 2007), the Ninth Circuit affirmed the denial of a petition based on a proposed violation of

21  *Miranda v. Arizona*, 384 U.S. 436 (1966) because the state court's decision denying relief was

22  not unreasonable under AEDPA.  *Cattell*, 476 F.3d at 53.  The court reasoned that no Supreme

23  Court case supported petitioner's contention that his admission to a crime transformed a police

24  interview into a custodial interrogation.  *Id.*  Lastly, the Ninth Circuit recently reiterated that in

25  regards to clearly established federal law, "[w]hat matters are the holdings of the Supreme Court,

26  not the holdings of lower federal courts."  *Plumlee v. Masto*, ___ F.3d ___, No. 04-15101, 2008

27  U.S. App. LEXIS 985, *14 (9th Cir. January 17, 2008).

28    Similarly, given that *Hill* applied the some-evidence standard to a prison disciplinary

Answer to Order to Show Cause; Mem. of P. & A.                          *Tyson v. Ayers*
                                                                    Case No. C07-05784JF

1  hearing and Tyson contests a parole denial, the some-evidence standard does not apply to this

2  case. Because *Greenholtz* is the *only* United States Supreme Court authority describing the

3  process due at a parole consideration hearing when an inmate has a federal liberty interest in

4  parole, the *Greenholtz* test, not the some-evidence standard, should apply here. Regardless,

5  Respondent recognizes that the Ninth Circuit has held otherwise, most recently in *Irons v. Carey*,

6  505 F.3d 846 (9th Cir. 2007), and will argue this case accordingly.

**B.    The State Court Decisions Upholding the Board's Parole Denial Were a Reasonable Application of Clearly Established Federal Law.**

9  Assuming that Tyson has a federally protected liberty interest in parole and that the

10  "minimally stringent" some-evidence standard applies, the requirements of due process are

11  satisfied if there is "any evidence in the record that could support the conclusion reached by the

12  disciplinary board." *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying some-

13  evidence standard to prison disciplinary hearing). The some-evidence standard "does not require

14  examination of the entire record, independent assessment of the credibility of witnesses, or

15  weighing of the evidence;" rather, it assures that "the record is not so devoid of evidence that the

16  findings of the . . . board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 455,

17  457. Thus, both the "reasonable application" standard of AEDPA and the some-evidence

18  standard of *Hill* are very minimal standards.

19  When, as here, the California Supreme Court denies a petition for review without

20  comment, the federal court will look to the last reasoned decision as the basis for the state court's

21  judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). In this case, the last reasoned

22  decision is the Alameda County Superior Court decision denying Tyson's habeas claim. (Ex. 7.)

23  The court found that "[t]he [p]etition fails to state a prima facie case for relief" and "that there

24  was no abuse of discretion by the Board." (*Id.*) The court further found that "there was certainly

25  some evidence, including but not limited to the committing offense, Petitioner's lack of total

26  candor and lack of insight into the committing offense and the motivation for the committing

27  offense, Petitioner's lack of firm parole plans and the unfavorable contents of the latest

28  psychology report." (*Id.*) Finally, the court found that "[t]here is nothing in the record that

Answer to Order to Show Cause; Mem. of P. & A.                              *Tyson v. Ayers*
                                                                           Case No. C07-05784JF

1  indicates that the Board's decision was arbitrary or capricious, nor that Petitioner's equal

2  protection or due process rights were violated." (*Id.*)  Therefore, Tyson's claims fail because

3  these findings were a reasonable application of the *Hill* some-evidence standard.

4          Moreover, Tyson's contention – citing *Biggs* – that the commitment offense has lost its

5  predictive value and may violate due process if relied on to deny parole continually does not

6  make the state courts' application of the some-evidence standard unreasonable. (Pet. at 1-2.)  In

7  *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003), the Ninth Circuit stated that the Board's

8  continued reliance on an unchanging factor to deny parole "could result in a due process

9  violation."  However, the *Biggs* court did not definitively indicate that reliance on an unchanging

10  factor necessarily violates due process, only that it possibly could.  The court praised Biggs for

11  being "a model inmate," and found that the record was "replete with the gains Biggs has made,"

12  including a master's degree in business administration. *Id.* at 912.  Nonetheless, the court denied

13  habeas relief because the Board's decision to deny parole – which relied solely on the

14  commitment offense – was supported by some evidence.

15          Most importantly, the statement in *Biggs* is merely circuit court dicta, and not clearly

16  established federal law sufficient to overturn a state court decision under AEDPA. *Crater v.*

17  *Galaza*, 491 F.3d 1119, 1126 (9th Cir. 2007) (holding that AEDPA "renders decisions by lower

18  courts non-dispositive for habeas appeals").  The Ninth Circuit has emphasized that *Biggs* does

19  not contain mandatory language, and that "[u]nder AEDPA, it is not our function to speculate

20  about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129.  The *Sass* court then

21  rejected the argument that the Board's reliance on "immutable behavioral evidence" to deny

22  parole violated federal due process.[2] *Id.*  Although the Ninth Circuit recently revisited this issue

23  again in *Irons* in dicta, it ultimately held there that despite "substantial" evidence of

24

_____

25      2. This Court has also recognized that the Board may properly rely on static factors to deny
26  parole. In a recent decision, this Court noted that "[p]ast criminal conduct is not some arbitrary
    factor like eye color that has nothing to do with present dangerousness.  Recidivism concerns are
27  genuine.  California's parole scheme does not offend due process by allowing the [Board] to predict
    that an inmate presents a present danger based on a crime he committed many years ago." *Hill v.*
28  *Kane*, 2006 WL 3020923 at *3 (Oct. 26, 2006) (N.D. Cal.) (citations omitted).

1 | rehabilitation, the Board acted properly within its discretion in continuing to rely on the

2 | circumstances of the inmate's offense to deny parole. *Irons v. Carey*, 505 F.3d 846, 853-54 (9th

3 | Cir. 2007). Thus, *Biggs* does not preclude the Board from using the circumstances of the

4 | commitment offense to deny parole, nor may its dicta be used to overturn a valid state court

5 | decision.

6 |     **C.**    **The State Court Decisions Upholding the Board's Parole Denial Were Based**
    **on a Reasonable Interpretation of the Facts in Light of the Evidence**
7 |     **Presented.**

8 |        The second standard under AEDPA is that state court habeas decisions must be based on

9 | a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2)

10 | (2000). Tyson bears the burden of proving that the state courts' factual determinations were

11 | objectively unreasonable. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th

12 | Cir. 2005). In his petition Tyson fails to contend – much less prove – that the state courts'

13 | upholding of the Board's parole denial was based on objectively unreasonable factual

14 | determinations. The state courts' upholding of the Board's parole denial is both supported by the

15 | record and a reasonable interpretation of the evidence presented. As such, the state courts'

16 | denials of habeas relief meet AEDPA standards, and there are no grounds for this Court to

17 | overturn the decisions. The petition for writ of habeas corpus should be denied.

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

Answer to Order to Show Cause; Mem. of P. & A.

*Tyson v. Ayers*
Case No. C07-05784JF

1

## CONCLUSION

2          To reverse the Board's parole denial under AEDPA, Tyson must show that the

3   state court decisions denying habeas relief were contrary to, or an unreasonable interpretation of,

4   clearly established Supreme Court law, or that the decisions involved unreasonable factual

5   determinations.  Tyson fails to make these showings.  First, Tyson received all process due under

6   *Greenholtz*, the only clearly established federal law specifying due process in a parole setting.

7   Second, the state court decisions denying Tyson parole did not apply the some-evidence standard

8   in a manner involving an unreasonable application of United States Supreme Court law, nor did

9   they involve unreasonable factual determinations, because some evidence supports the Board's

10  denial.  As a result, Respondent respectfully requests that this Court deny Tyson's petition for

11  writ of habeas corpus.

12          Dated:  April 2, 2008

13                              Respectfully submitted,

14                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

15                              DANE R. GILLETTE
                                Chief Assistant Attorney General
16
                                JULIE L. GARLAND
17                              Senior Assistant Attorney General

18                              ANYA M. BINSACCA
                                Supervising Deputy Attorney General

19

20

21                              STEVEN G. WARNER
                                Deputy Attorney General
22                              Attorneys for Respondent

23

24

25

26

27
    40226747.wpd

28

Answer to Order to Show Cause; Mem. of P. & A.                              *Tyson v. Ayers*
                                                                            Case No. C07-05784JF

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Morgan A. Tyson v. Robert L. Ayers, et al*

No.:    **U. S. D. C., N. D., SAN JOSE DIV., C07-05784JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 7, 2008</u>, I served the attached

### ANSWER TO ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES WITH EXHIBITS 1 - 11

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Morgan A. Tyson, C-81713**
**San Quentin State Prison**
**One Main Street**
**San Quentin, CA 94964**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 7, 2008**, at San Francisco, California.

| | |
|---|---|
| J. Baker | |
| Declarant | Signature |

40237714.wpd