# EXHIBIT 8

Name Morgan A. Tyson

MC-275

Address CSP-S.Q.

San Quentin, CA 94976

DIVISION ONE

CDC or ID Number C-81713

# CALIFORNIA COURT OF APPEALS

## FIRST APPELLATE DISTRICT
*(Court)*

FILED

**MORGAN A. TYSON**
Petitioner

VS.

**BOARD OF PAROLE HEARING (BPH)**
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _____

(To be supplied by the Clerk of the Court)

MAR 2 0 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____ DEPUTY

A117098

### INSTRUCTIONS - READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of th California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

For Approved by the Judicial
Council of California MC-275
(Rev. January 1, 1999)

PETITION FOR WRIT OF HABEAS CORPUS

Penal code, § 1473 et. Seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction          ☒ Parole

☐ A sentence            ☐ Credits

☐ Jail or prison conditions   ☐ Prison Discipline

☐ Other (specify): <u>SUITABILITY FOR PAROLE</u>

1. Your name: <u>MORGAN A. TYSON</u>

2. Where are you incarcerated? <u>SAN QUENTIN STATE PRISON</u>

3. Why are you in custody? ☒ Criminal Conviction  ☐ Civil Commitment

   Answer subdivisions a. Through i: To the best of your ability.

   a. State reasons for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon")

      <u>Second Degree Murder with use of a deadly weapon (P.C. §187), Robbery, and attempted</u>
      <u>Robbery (P.C. §211 & §213).</u>

   b. Penal or other code sections: <u>§187, §211 and §213.</u>

   c. Name and location of sentencing or committing court: <u>ALAMEDA COUNTY SUPERIOR COURT</u>

      <u>Oakland, STATE OF CALIFORNIA, Before the Honorable: Joseph Karesh.</u>

   d. Case number: <u>75513</u>

   e. Date convicted or committed: <u>12/23/1983</u>

   f. Date sentenced: <u>2/17/1984</u>

   g. Length of sentence: <u>15 years to life + 5 years</u>

   h. When do you expect to be released? _____

   i. Were you represented by counsel in the trial court? ☒ Yes. ☐ No. If yes, state the attorney's name and address:

      <u>Susan Sawyer, Asisstent Public Defender</u>

4. What was the LAST plea you entered? (check one)

   ☒ Not guilty ☐ Guilty ☐ Nolo Contender ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

---

MC-275 (Rev. January 1, 1999)          PETITION FOR WRIT OF HABEAS CORPUS.          Page 2 of 6

6.    GROUNDS FOR RELIEF

**Ground 1:**  State briefly the grounds on which you base your claim for relief.  For example, "the trial court imposed an illegal enhancement."  (If you have additional grounds for relief, use a separate page for each ground.  State ground w on page four.  For additional grounds, make copies of pare four and number the additional grounds in order.)

Violation of due process (14th Amnd. of US Const.), Cal. const., art I, §17 & CCR Sec. 2402

See attached points and authorities in support of the petition for writ of habeas corpus

a.    Supporting facts:

Tell your story briefly without citing cases or law.  If you are challenging the legality of your conviction, describe the fact upon which your conviction is based.  *If necessary, attach additional pages.*  CAUTION:  You must state facts, not conclusions.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See in re Swain (1949) 34 Cal.2nd 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where).  (If available, attach declarations relevant records, transcripts, or other documents supporting your claim.)

See attached points and authorities in support of the petition for writ of habeas corpus.

b.    Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

SIn re Rosenkrantz (2002) 29 Cal.4th 616, and In re Scott (2004) 119 Cal.App.4th 871 (Scott I)

See memorandum of points & Authorities in the attached Hepeas corpus

7.  Grounds 2 or Ground _____ (If applicable):

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

8.  Did you appeal from the conviction, sentence, or commitment?    ☒ Yes ☐ No. If yes, give the following information.

    a.  Name of curt ("Court of Appeal" or "Appellate Dept. Of Superior Court"):

_____

    b.  Result: <u>affirmed</u>_____    c  Date of decision: _____

    d.  Case number or citation of opinion, if known: _____

    e.  Issues raised: (1) _____

    (2) _____

    (3) _____

    f.  Were you represented by counsel on appeal? ☒ Yes ☐ No. If yes, state the attorney's name and address, if known:

_____

9.  Did you seek review in the California Supreme Court?    ☒ Yes ☐ No. If yes, give the following information.

    a.  Result: <u>affirmed</u>_____    b  Date of decision: _____

    c.  Case number or citation of opinion, if known: _____

    d.  Issues raised: (1) _____

    (2) _____

    (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did make on appeal, explain why the claim was not made on appeal:

    <u>No current known direct administrative appeal available other than this action at hand.</u>

_____

11. Administrative Review:

    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal. App. 3d 500 [125 Cal. Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    <u>No current known direct administrative appeal available other than this action at hand</u>

_____

_____

_____

_____

_____

_____

    b.  Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.

    Attach document that show you have exhausted your administrative remedies.

MC-275 (Rev. January 1, 1999)        **PETITION FOR WRIT OF HABEAS CORPUS**        Page 5 of 6

12. Other than direct appeal, have you filed any other petition, application, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1)   Name of court: <u>Superior Court of Alameda County</u>

    (2)   Nature of proceeding (for example, "habeas corpus petition"): <u>Petition for Habeas corpus</u>

    (3)   Issues raised: (a) <u>Same as of this petition</u>

               (b) _____

    (4)   Result (Attach order or explain why unavailable): <u>Denied</u>

    (5)   Date of decision: <u>March 2, 2007.</u>

  b. (1)   Name of court: <u>N/A</u>

    (2)   Nature of proceeding (for example, "habeas corpus petition"): _____

    (3)   Issues raised: (a) _____

    (4)   Result (Attach order or explain why unavailable): _____

    (5)   Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

    <u>N/A</u>

15. Explain any delay in the discovery of eth claimed grounds for relief and in raising the claims in this petition. (see in re Swain (1949) 34 Cal.2d 300, 304)

    <u>The Board's decision becomes final 120 (November 21, 2006) after the date of the hearing (July 25, 2006), petitioner received the hearing transcripts on November 2006.</u>

    <u>Petitioner is within time limit in appealing the Board Hearing.</u>

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstance justifying an application to this court:

    <u>This court is the lower court and has jurisdiction under Cal. Const. Art VI, §10.</u>

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true

Date: March 16, 2007

                             *Morgan A. Lipoc*
                             (SIGNATURE OF PETITIONER

1  Morgan A. Tyson,
   B.O.Box C-81713
2  San Quentin State Prison
   San Quentin, CA 94974
3
   Plaintiff in Pro. Se.
4
5
6              CALIFORNIA COURT OF APPEALS

7              FIRST APPELLATE DISTRICT

8

9  In re :                          Superior Ct.Case No.: 75513
                                    Appellate Ct. No.:
10 MORGAN A. TYSON,
                                    PETITION FOR WRIT OF
11          Petitioner,
                                    HABEAS CORPUS
           vs.
12
13 BOARD OF PAROLE HEARINGS (BPH),
   Robert L. Ayers, JR., (Warden),
14           Respondents.
15 / / /

16         TO THE HONORABLE COURT IN THE ABOVE-ENTITLED ACTION.

17     COMES NOW:-

18         Morgan A. Tyson, (Hereafter, "Petitioner"), in pro. Se., hereby petition this

19 Honorable court for a writ of Habeas Corpus.

20         Petitioner unconstitutional has been several times denied suitability for parole

21 by the Board of Parole Hearings (Hereafter, "BPH"), through a proceeding of repetitive denial

22 based only on "the offenses were carried out in a manner which demonstrated callous

23 disregard for human suffering," as defined by the BPH.

24         Petitioner was denied suitability on other three previous hearings on the same

25 ground, and move in this court with the claim that the BPH's repeated denials were

26 unjustified, constituted cruel or unusual punishment under California constitution, Art. I, § 17,

27 violated California Code of Regulations, Title 15, § 2402, and were arbitrary and capricious in

violation of <u>In re Rosenkrantz</u> (2002) 29 Ca.4th 616, and <u>In re Scott</u> (2004) 119 Cal.App.4th 871 (Scott I).

Petitioner, claim is based on the constitutional violation entailing the violation of the above, and the liberty interests in effects.

By this verified petition, Exhibits and transcripts included within in support, petitioner sets forth the following facts and causes for issuance of this writ.

## I.    ADMINISTRATIVE EXHAUSTION

There is no known other remedy or administrative appeal available to the petitioner since May 8, 2005, when California Code of Regulations (Hereafter, "CCR") Title 15, Division 2. §2050 through §2056 that provides for appeal from decision of the BPH, were repealed.

## II.    JURISDICTION

This court has an original jurisdiction pursuant to California Constitution, Article VI, §10. The last hearing was held on July 25, 2006., and the decision became final 120 days later.

## III. EXHIBITS & TRANSCRIPTS IN SUPPORT OF THIS WRIT

Petitioner hereby includes the following exhibits and transcripts in support of issuance of this writ and marked as follow for identification:

**EXHIBIT (A):** Transcript of the suitability hearing held on July 25, 2006.

**EXHIBIT (B):** Points of Suitability for Parole (Progress Documents) for July 25, 2006 hearing.

**EXHIBIT (C ):** Psychosocial Evaluation Report of July 10, 2006.

**EXHIBIT (D):** Excerpt of Transcript and BPH's decision on April 3, 2001 hearing.

**EXHIBIT (E):** Excerpt of Transcript and BPH's decision on August 27, 2003 hearing.

**EXHIBIT(F):** Copy of CCR, Title 15, Division 2.  §2403 (c ) Matrix of Base Terms for Second Degree Murder committed on or after November 8, 1978.

**EXHIBIT (G):** Response of the Superior Court of Alameda County.

## VI. PARTIES

1. Petitioner is a veteran and a state prisoner confined at San Quentin State prison pursuant to a judgment of imprisonment of 15 years to life for the conviction by jury of a second degree murder, a violation of P.C. §187, a violation of P.C. § 245(a)(1) for assault with deadly weapon , and attempted robbery in violation of P.C. §211. In which petitioner received additional 5 years enhancement. Petitioner began his life term on September 21, 1985, and he met the minimum eligibility for parole on October 24, 1994, (See **EXHIBIT A,** pg. 1& 2)

2. Board of Parole Hearings is the real party in interest in which the writ resulted of its direct decision and action;  Archie Joe Biggers, Presiding Commissioner, and Noreen Blonien, deputy Commissioner.

3. Robert L. Ayers, JR., (Warden), of San Quentin State Prison, in which petitioner under his direct custody.

## V. STATEMENT OF THE FACTS

1. On December 23, 1983, petitioner was found guilty by jury and was convicted of second degree murder in violation of California Penal Code (Hereafter, "Cal.P.C.")  § 187, and was also found guilty for count 2 of assault with in violation of P.C. § 245(a)(1), and with attempted robbery in violation of P.C. § 211.

2. On February 17, 1984, in the Alameda County Superior Court, Honorable Joseph Karesh, presiding, petitioner was sentenced to state prison for 15 years to life on the second degree conviction. In addition, petitioner was sentenced to five more years for the included related charge and enhancement.

3. On September 21, 1985, petitioner began his life term, and he met the minimum eligibility for parole on October 24, 1994, (See **EXHIBIT (A)**, BPH 8/27/2006 hearing transcript pg. 1& 2).

4. On April 3, 2001, petitioner had his initial Board hearing for consideration, and was denied suitability for two years citing that "The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering." {See **EXHIBIT (D)**, Hearing Transcript of 4/3/2001- pg. 65).

5. On August 27, 2003, petitioner had his second hearing for parole suitability and was denied again for two years. The BPH cited that "The offense was carried out in a manner that demonstrates an exceptionally callous disregard for a human being." (See **EXHIBIT (E)**, Hearing Transcript of 8/27/2003. Pg. 54).

6. On July 25, 2006, petitioner had the subject instant hearing for consideration and was denied suitability again for two years. The BPH cited again that "the offense itself was carried out in a manner that demonstrated an exceptional callous disregard for human suffering.." (See **EXHIBIT (A)**, 7/25/2006 BPH Hearing Transcript at pg. 110-111).

7. Petitioner was convicted by jury for a second degree murder for a crime that was committed on 1982, and was sentenced to 15 years to life. However the life sentence started on 1985, the Matrix for maximum Base Terms of second degree per CCR §2403 (c )on category III (c ) is 19 years,-20 years, and 21 years. (See **EXHIBIT (F)** copy of the CCR §2403 (c ) Matrix for Base Terms of Second degree Murder.)

8. Petitioner has progressed while in prison as demonstrated in **EXHIBIT (B)**, Points of suitability for parole presented at the July 25, 2006 hearing. Numerous letters of supports by Correctional Staff were presented to the board on his behalf, as well Chronos for successful participation and advancement in self-help groups as Narcotic Anonymous, IMPACT program, Restitution, Housing and Money workshop, TRUST FELLOWSHIP.

9. On July 25, 2006, at the instant hearing, Presiding commissioner Biggers, acknowledged the progress of the petitioner and defined it as exceptional; "You have

programmed exceptionally well." (See **EXHIBIT (A)**, Transcript of 7/25/06 hearing pg. 112).

10. On March 2, 2007, the Superior Court of Alameda County denied petitioner's writ for Habeas Corpus (See **EXHIBIT (G)).**

## VI. CONTENTION

### [1].

THE BOARD OF PRISON HEARINGS BY APPLYING AN ARBITRARY AND REPETITIVE REASON FOR PAROLE DENIAL BASED ON THE OFFENSE ITSELF VIOLATES PETITIONER'S PROTECTED LIBERTY INTEREST IN RELEASE ON PAROLE AND THE RIGHT TO DUE PROCESS IN THE PAROLE SUITABILITY

### [2].

WHEN THE BOARD OF PAROLE HEARINGS SET ITS OWN STANDARD OF INTERPRETATION OF THE LAW, AND FAILS TO EXECUTE AND ENFORCE A LEGISLATURE'S STATUTES AS INTENDED THE COURT HAS A DUTY TO INTERVENE TO ENSURE THE SEPARATION OF POWERS DOCTRINE

///

## VII. PRAYER FOR RELIEF

Petitioner is without remedy save this writ of habeas corpus.

WHEREFORE:- petitioner move this court to;

1.  Issue an order to show cause;

2.  Declare petitioner's constitutional rights for due process and liberty interest;

3.  Issue a writ of habeas corpus granting petitioner suitability not based on the offense,

4.  Intervene to enforce the separation of powers doctrine

5.  Take any necessary action to grant petitioner's relief

1

## VII. VERIFICATION

2        I, Morgan A. Tyson, Do Declare:

3        I am the petitioner in this action. I have read the foregoing petition for writ of

4   habeas corpus and the facts stated therein are true of my own knowledge, except as to matters

5   that are therein stated on my own information and belief, and as to those matters I believe

6   them to be true.

7        I declare under penalty of perjury that the foregoing is true and correct.

8        EXECUTED on this __16__ day of **March**, 2007, in San Quentin State Prison, at

9   the county of Marin in the State of California.

10

11        _Morgan A. Tyson_ (signature)
          **Morgan A. Tyson**
12        Declarant/Petitioner In pro se.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner submit the following authorities in support of his contented argument with the corroborated evidence submitted in form exhibits and transcripts attached.

[1].

**THE BOARD OF PRISON HEARINGS BY APPLYING AN ARBITRARY AND REPETITIVE REASON FOR PAROLE DENIAL BASED ON THE OFFENSE ITSELF VIOLATES PETITIONER'S PROTECTED LIBERTY INTEREST IN RELEASE ON PAROLE AND THE RIGHT TO DUE PROCESS IN THE PAROLE SUITABILITY**

A California prisoner with a sentence of a term of years to life with possibility of parole has a protected liberty interest in release on parole and therefore a right to due process in the parole suitability proceedings. <u>Board of Pardon v. Allen</u>, 482 U.S. 369 (1987); <u>Greenholtz v. Inmates of Nebraska Penal & Corrections Complex</u>, 442 U/.S. 1 (1979); Cal. P.C. 3041(b).

A critical issue in parole denial cases concerns the BPH's use of evidence about the murder that led to the conviction. Two cases provide the guideposts for applying <u>Superintendent v. Hill</u> some evidence standard on this point. Again, in <u>Biggs v. Terhune</u>, 334 F.3d 910 (9th Cir. 2003), the court explained that the value of the instant criminal offense which led to the incarceration for life term fades over time as a predictor of parole suitability. "The Parole Board" decision is one of "equity" and requires a careful balancing and assessment of the factors considered...A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." <u>Biggs</u>, 334 F.3d at 916-17. Regardless of other case that criticize <u>Biggs</u>, the second District Court of Appeal, in the case of <u>In re Wen Lee</u>, (2006) 143 Cal.App.4th 1400. The governor's reversal of Lee's parole suitability was challenged and prevailed, *Inter Alia,*

the court found that Lee's crimes were not 'especially heinous, atrocious or cruel".

The real issue where all these courts have common ground is not the offense, but whether the if a prisoner's release would unreasonably endangers public safety (See CCR, title 15, §2403, subd. (a) [parole denied if prisoner "will pose an unreasonable risk of danger to society if released from prison"]; see In re Scott (2005) 133 Cal.App.4th 573, 595.

The passage of time in prison count for something, exemplary behavior and rehabilitation in prison, but also counts for something according to Biggs. The Board stated for the record that petitioner has progressed and programmed exceptionally, yet the Board believe that the [Offense] outweigh the progress not matter how exceptional it is. Superintendent v. Hill's standard might be l quite low, but it does require that the decision not be arbitrary, and reliance on only the facts of the crime might eventually make for an arbitrary decision.

In determining parole suitability indisputably shows that Tyson makes a strong showing of his suitability for parole. Accordingly, the Court should vacate the Board" determination that Tyson is unsuitable for parole based on its arbitrary classification of the offense stated in three consecutive hearings. (See In re Smith, 109 Cal.App. 4th at p. 507 [where there is no evidence in the record to support a decision other than suitability, remand for rehearing would be an idle act]; accord, McQuillen v. Duncan ((9th Cir. 2003) 342 F.3d 1012 In the instant case, the BPH acknowledged the petitioner's progress and deemed it exceptional; "You have programmed exceptionally well." (See **EXHIBIT (A)**, Transcript of 7/25/06 hearing pg. 112).

In re Rosenkrantz (2002) 29 Ca.4th 616, the Rosenkrantz court cautioned, sole reliance on the commitment offense might, in particular cases, violate §3041, subdivision (a)'s provision,

and might thus also contravene the inmate's constitutionally protected expectation of parole. The Rosenkrantz court continued, that such violation could occur, "for example[,] where no circumstances of the offense reasonably could be considered more aggravated or violent that the minimum necessary to sustain a conviction for that offense." In re Rosenkrantz (2002) 29 Cal.4th 616, 683.)

Thus, the general rule is that a parole date should normally be set. Using the crime itself as grounds for a parole denial is permissible but should not "swallow" that rule. See In re Ramirez (2001) 94 Cal.App.4th 549, 570. While.

## [2].

**WHEN THE BOARD OF PAROLE HEARINGS SET ITS OWN STANDARD OF INTERPRETATION OF THE LAW, AND FAILS TO EXECUTE AND ENFORCE A LEGISLATURE'S STATUTES AS INTENDED THE COURT HAS A DUTY TO INTERVENE TO ENSURE THE SEPARATION OF POWERS DOCTRINE**

Petitioner exceeded all the maximum years prescribed by the matrix system. The regulations contain a matrix of suggested base terms for several categories of crimes. See CCR, tit. 15, §.2403. (See **EXHIBIT (F)**), where the base terms matrix for second degree murder ranges from the low of 15, 16, or 17 years to a high of 19, 20, or 21 years, depending only on some of the facts of the crime.

Petitioner exceeded all the maximum ranges for second degree murder conviction. Calculating the sentence through the matrix is petitioner's expectation of protected rights to liberty interest, expectation drown directly form the sentence "..15 years to life with possibility of parole." Yet, such matrix is not set by the BPH unless suitability has been decided, thus putting the cart before the horse. However, the California Supreme Court has determined "While the Board must point to factors beyond the minimum elements of the crime for which the inmate was committed, it need engage in no further comparative analysis before concluding

Tyson v. BPH, in a writ of Habeas Corpus

9

1   that the particular facts of the offense make it unsafe, at that time, to fix a date for the prisoner's

2   release," Dannenberg, 34 Cal.4th at 1071; See also In re Rosenkrantz, supra, at 862-83 Cal.

3   2002), cert. denied, 538 U.S. 980 (2003) ("[t]he nature of the prisoner's offense, alone, can

4   constitute a sufficient basis for denying parole" but might violate due process "where no

5   circumstances of the offense reasonably could be considered more aggravated or violent than

6   the minimum necessary to sustain a conviction for that offense").

7

8        Petitioner submit, the BPH has uniformly applied §2402(c)1 to deny parole in every

9   hearing, supported by the evidence of the transcribed hearings, and regardless of different

10  commissioners had presided in every hearing, the language is for denial is the same sentence

11  verbiage by verbiage. See **EXHIBIT (A)** pg 110-111), (**EXHIBIT (D)**, pg.65 ) and (**EXHIBIT**

12  **(E )**, pg.54 ). That demonstrates invalidity of the Board's supposedly "detailed standards" which

13  provides for meaningful application of the statute as opposed to blanket application. See (

14  Dannenberg at pg. 1080, and 1096, *footnote 16*: "the Board must apply detailed standards when

15  evaluating whether an individual inmate is unsuitable for parole on public safety ground.")

16      The consistency of the "denial sentence" proves that the Board's decision making

17  processes is regimented to dilute the property intended of detailed standards. Hence, it raises the

18  question whether the Board usurp unlimited authority from vague regulations and become

19  super-legislatures that are unaccountable to the people. The persistency of the Board to use the

20  offense as a sole base for denial makes its decision arbitrary and runs the risk of violating the

21  separation of powers doctrine by transforming every executive decision maker into a mini-

22  legislature with the power to determine on an ad hoc basis what type of behavior satisfy their

23  jurisdiction." People v. Ellison (1998) 68 Cal.App.4th 203, 211, quoting People v. Superior

24  Court (Caswell) 1998) 46 Cal.3d 381, 402.) This articulation of the principle seems to speak

directly to the situation at hand. The Board, by its enactment and interpretation of Title 15, §2402, has appropriated to itself absolute and unreviewable power over parole decisions for inmates [like petitioner] serving life terms.

The Board's arbitrary application of Title 15, § 2402, to give itself a broad power to declare every crime sufficient to deny parole forever is contrary to the spirit of the penal Code provisions, the above regulation. "[I]t is an elementary proposition that statutes control administrative interpretations." Ohio casualty Ins. Co. v. Garamendi (2006) 137 Cal.App.4th 64, 78.) In such instant where a violation of separation of powers doctrine occurred, the court must intervene to strike (if necessary) any statutes which creates such risk. **See** Kasler v. Lockyer (2000) 23 Cal.4th 472, 493, quoting Mistretta v. U.S, (1989) 488, U.S. 361, 382); Lockyer v. County of San Francisco (2004) 33 Cal.4th 1055, 1068.

### CONCLUSION

For all of the above mentioned, this court should declare petitioner's rights and issue a writ of habeas corpus as prayed. Based on any or all of the foregoing reasons, this Court should grant the relief requested in the petition.

Dated: **March 16, 2007**

Respectfully submitted,

**MORGAN A. TYSON**
Petitioner in Pro Se.